UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>Plaintiff,<br><br>v.<br><br>DUANE CHRISTIAN, et al.,<br><br>Defendants. | Case No. 18-01115 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DENYING PENDING MOTION; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 4) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a jail official at Humboldt County Jail and its "owner." Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

**A.** **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

Plaintiff claims that Defendant Duane Christian "has used and abused his position to assign himself to be the sole processor of plaintiff grievances of the conditions of confinement and conduct of deputized staff." (Compl. at 3.) Plaintiff claims that Defendant has "not allowed grievances to be filed, not investigated grievances reaching his final level of reply," and "evaded grievances requiring scrutiny and professionalism to confront corruption, evil, accuracy, misunderstanding, justice, respect, honor, and humanity." (*Id.*) Plaintiff claims Defendant's actions have violated his rights under the First Amendment and Eighth Amendment. (*Id.*)

The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *accord Hines v. Gomez*, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the government for redress of grievances, *see id.* at 333, and protects both the filing, *see id.*, and content, *see Bradley*, 64 F.3d at 1279, of prison grievances. Accordingly, Plaintiff's claim that Defendant Christian has "not allowed grievances to be filed" states a cognizable claim under the First Amendment. However, his challenge to Defendant's manner of response to grievances that were filed does not state a claim because the First Amendment does not entitle him to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to

2

entertain his grievance.").

Plaintiff also fails to state an Eighth Amendment claim. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Eighth Amendment scrutiny is appropriate with respect to the treatment a prisoner receives in prison and the conditions under which he is confined. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The manner in which his administrative grievances are filed does not implicate the Eighth Amendment simply because the deprivation of his right to file grievances is not objectively, sufficiently serious. *Farmer*, 511 U.S. at 834. Accordingly, this Eighth Amendment claim is DISMISSED for failure to state a claim.

Plaintiff names the "Humboldt County Correctional Facility owner" as a defendant, (Compl. at 2), but makes no specific allegations against this individual. The only mention of this defendant is under the "Relief" section of the complaint, wherein Plaintiff requests that the "jail owner… be penalized." (*Id.* at 3.) However, under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984); *accord Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, the claim against this defendant must be dismissed for failure to state a claim.

C. **Motion for Summary Judgment**

Plaintiff has filed a motion for summary judgment. (Docket No. 4.) However, this motion is premature since no Defendant has yet been served in this matter. Accordingly, the motion is DISMISSED without prejudice to Plaintiff refiling the motion and serving it

3

upon Defendant once he has appeared in this matter.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Duane Christian** at the **Humboldt County Correctional Facility** (826 4th Street, Eureka, CA 95501). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate Defendant "Humboldt County Correctional Facility Owner" from this action as Plaintiff has failed to state a cognizable claim against this defendant.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date

4

the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11. Plaintiff's motion for summary judgment, (Docket No. 4), is **DENIED** without prejudice.

This order terminates Docket No. 4.

**IT IS SO ORDERED.**

Dated: May 3, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Service
PRO-SE\BLF\CR.18\01115Silverman_svc