UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB S. SILVERMAN,

Plaintiff,

v.

DUANE CHRISTIAN, et al.,

Defendants.

Case No. 18-01115 BLF (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION OF DISMISSAL OF EIGHTH AMENDMENT CLAIM**

(Docket No. 9)

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a jail official at Humboldt County Jail and its "owner." The Court found the complaint, liberally construed, stated a cognizable First Amendment claim based on the denial of his right to file prison grievances. (Docket No. 5 at 2.) The Court dismissed Plaintiff's claim regarding Defendant's manner of response to grievances and an Eighth Amendment claim. (*Id.* at 2-3.) Plaintiff has filed a motion "to oppose the dismissal of the Eighth Amendment claim and/or amend the complaint to re-add the Eighth Amendment claim," which the Court construes as a motion for reconsideration. (Docket No. 9.)

In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). No pre-judgment motion for

reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. *See* Civil L.R. 7-9(c).

The motion may be dismissed simply because Plaintiff did not first seek leave of Court before filing it as required under Local Rule 7-9(a). Even if the Court construes this filing as a motion requesting leave to do so, Plaintiff fails to show any of the requirements: (1) he makes no assertion of a material difference in fact or law since the court's initial order; (2) there is no emergence of new material facts or a change of law since the court's order; and (3) there was no manifest failure by the court to consider material facts that were already present. *Id.* Petitioner's assertion that the repeated rejection of his grievances amounts to "psychological and physical shenanigans" and is "a form of cruel and unusual punishment," (Docket No. 9 at 2), is simply insufficient without any case law in support to persuade the Court that the initial dismissal of the Eighth Amendment claim was erroneous. Accordingly, the motion for reconsideration is DENIED. This order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: May 29, 2018

BETH LABSON FREEMAN
United States District Judge

Order Denying Recon.
PRO-SE\BLF\CR.18\01115Silverman_recon