UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>Plaintiff,<br><br>v.<br><br>DUANE CHRISTIAN, et al.,<br><br>Defendants. | Case No. 18-01115 BLF (PR)<br><br>**ORDER GRANTING MOTION TO ADD NEW DEFENDANT; OF SERVICE; DIRECTING NEW DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; GRANTING MOTION TO CONTINUE DEADLINE; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 14 & 16) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a jail official at Humboldt County Jail. Finding the complaint, liberally construed, stated a cognizable claim, the Court ordered service on Defendant Duane Christian for violating Plaintiff's First Amendment right to petition the government for redress of grievances based on his refusal to allow Plaintiff to file grievances. (Docket No. 5.) Plaintiff has filed a "motion to amend" to add a new defendant to this action. (Docket No. 14.) Defendant Christian has filed a motion to continue the deadline for filing a summary judgment motion. (Docket No. 16.)

///

///

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

The Court construes Plaintiff's "motion to amend" as a motion for leave to file a supplemental pleading. (Docket No. 14.) The court may permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and upon such terms as are "just." Id. Supplemental pleading by a plaintiff is optional; claims not filed in a supplemental complaint may be filed in a separate lawsuit. See Manning v. City of Auburn, 953 F.2d 1355, 1359-60 (11th Cir. 1992). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). With respect to new defendants, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact

2

common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff claims that Lt. Flint is obstructing his First Amendment right "as a prisoner to process a grievance/grievances of deputy misconduct." (Docket No. 14 at 1.) In support, Plaintiff attaches several inmate grievance forms filed during May, June, and July 2018, which bear handwritten instructions "Do not answer" by "Lt. Flint." (*Id.* Attach.) The right of meaningful access to the courts extends to established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995); *accord Hines v. Gomez*, 853 F. Supp. 329, 331-32 (N.D. Cal. 1994). This right is subsumed under the First Amendment right to petition the government for redress of grievances, *see id.* at 333, and protects both the filing, *see id.*, and content, *see Bradley*, 64 F.3d at 1279, of prison grievances. Accordingly, Plaintiff's allegations are sufficient to state a cognizable claim under the First Amendment against Defendant Flint, and this claim appears to be related to Plaintiff's claim against Defendant Christian in the original complaint alleging the same cause of action under the First Amendment. (Docket No. 5 at 2.) Furthermore, Defendant Flint is properly joined as the claim appears to arise out of the same series of transactions or occurrences and has questions of law common to both Defendants. *See* Fed. R. Civ. P. 20(a)(2). Lastly, Defendant Christian does not oppose Plaintiff's motion to amend. (Docket No. 15.) Therefore, the motion to amend is GRANTED. The Court will order the matter served on Defendant Flint.

Plaintiff's claim of "deliberate indifference" against Defendant Flint fails to state an Eighth Amendment claim because the deprivation of his right to file grievances is not objectively, sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, the Eighth Amendment claim against Defendant Flint is DISMISSED for failure to state a claim.

**C.     Motion to Continue Deadline to file Summary Judgment Motion**

Defendant Christian has filed a motion to continue the deadline to file a motion for summary judgment for at least 180 days. (Docket No. 15.) Good cause appearing, the

3

motion is **GRANTED IN PART** such that Defendant Christian's summary judgment motion shall be due no later than **ninety-one (91) days** from the date this order is filed. Briefing shall proceed thereafter in accordance with the schedule set forth below.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's motion to amend to add a new defendant, (Docket No. 14), is **GRANTED**. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, the motion to amend (Docket No. 14), all attachments thereto, and a copy of this order upon **Defendant Lt. Flint** at the **Humboldt County Correctional Facility** (826 4th Street, Eureka, CA 95501). The Clerk shall also mail a copy of this Order to Plaintiff and Defendant Christian.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due sixty (60) days from

4

the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

  3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint and supplemental complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

  4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

  Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket Nos. 14 and 16.

**IT IS SO ORDERED.**

Dated: 8/20/2018

_____
BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Add New Def.; of Service
PRO-SE\BLF\CR.18\01115Silverman_svc2&eot-msj

6