UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>Plaintiff,<br><br>v.<br><br>DUANE CHRISTIAN, et al.,<br><br>Defendants. | Case No. 18-01115 BLF (PR)<br><br>**ORDER ADDRESSING PENDING MOTIONS**<br><br><br>(Docket Nos. 37, 39, 41, 48, 49) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against jail officials at Humboldt County Jail. The Court herein addresses several pending motions in this matter: Plaintiff's request for a copy of is deposition, (Docket No. 37); Plaintiff's motion for leave to add a Fourteenth Amendment claim, (Docket No. 39); Plaintiff's motion to amend/correct his opposition, (Docket No. 41); Defendants' motion to strike Plaintiff's affidavit and supplemental arguments and claims, (Docket No. 48); and Defendants' motion to strike Plaintiff's reply to Defendants' reply, (Docket No. 49).

///

///

# DISCUSSION

## A. Request for Copy of Deposition

Plaintiff requests that Defendants produce a copy of his deposition, asserting that they have not done so and only refer to it in "pieces" in their summary judgment motion. (Docket No. 37.) Plaintiff relies on Rule 34 of the Federal Rules of Civil Procedure. (*Id.*) Defendants oppose the request, asserting that Rule 34 does not govern discovery motions and that they are not required to provide Plaintiff with a copy of his deposition transcript. (Docket No. 44.)

The request for Defendants to produce a copy of his deposition is DENIED. Even assuming Plaintiff may make such a request under Rule 34, Defendants are not required to provide Plaintiff a copy of his deposition transcript. As Defendants point out, they noticed Plaintiff's deposition pursuant to Rule 30, which requires the court reporter to furnish a copy of the transcript to the requesting party "upon payment of reasonable charges." Fed. R. Civ. P. 30(f)(3); (Docket No. 44 at 2.) Plaintiff must obtain a copy of his deposition transcript from the court reporter who recorded his deposition and make proper payment and may not avoid such expenses by requesting Defendants produce a copy of it. Plaintiff's *pauper* status merely permits him to proceed without full payment of the filing fees at the outset of this action and does not exempt him from other costs related to the pursuit of this action.

## B. Motion to Amend to Add Fourteenth Amendment Claim

Plaintiff filed a motion for leave to add a new claim under the Fourteenth Amendment, asserting that newly named Defendants, including the Humboldt County Correctional Facility ("HCCF"), has a policy that obstructs disciplinary hearing processes which violates fair hearings and due process. (Docket No. 39.) Defendants oppose the motion, asserting that the amendment violates Rule 15 of the Federal Rules of Civil Procedure. (Docket No. 45 at 3-4.)

Federal Rule of Civil Procedure 15(c) provides for three different situations where

2

an amendment relates back to the date of the original pleading. First, an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Second, an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Third, an amendment relates back if the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied "and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B).

Plaintiff's motion for leave to amend is DENIED. Even assuming that the claim is not barred by the statute of limitations, the new claim does not arise out of the same conduct, transaction, or occurrence as in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). The instant action involves ongoing First Amendment violations by Defendants Duane Christian and Dean Flint based on the denial of Plaintiff's right to petition the government for redress of grievances beginning late 2016 through early 2018. (Compl. at 3, Attach.; Docket No. 18.) Plaintiff's new claim involves the Fourteenth Amendment, a wholly different set of Defendants, and is based solely on an incident that occurred in October 2016. (Docket No. 39 at 2; Compl., Attach. 1-G.) While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. *See Planned Parenthood of So. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). There is no such relation here between the claims in the original complaint and those presented in Plaintiff's motion.

3

Supplemental pleading by a plaintiff is optional; claims not filed in a supplemental complaint may be filed in a separate lawsuit. *See Manning v. City of Auburn*, 953 F.2d 1355, 1359-60 (11th Cir. 1992). Accordingly, Plaintiff may pursue the claims in his motion to amend in a separate lawsuit.

### C. **Motion to Amend/Correct Opposition**

Plaintiff's motion to "add-in corrective insertions" into his opposition to Defendants' motion for summary judgment is GRANTED. (Docket No. 41.) The Court will take into account these corrections when reviewing Plaintiff's opposition.

### D. **Motion to Strike Plaintiff's Affidavit**

Plaintiff filed an "affidavit amid supplemental arguments and claims and authorities supported by facts in support of Plaintiff's opposition." (Docket No. 43.) The affidavit was filed on March 29, 2019, the same day Defendants' reply was filed. (*Id.*; Docket No. 42.) Defendants filed a motion to strike this affidavit pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because it contains supplemental claims that are immaterial and impertinent to his First Amendment claim. (Docket No. 48 at 3.) Plaintiff's affidavit contains allegations of adverse actions for a retaliation claim. (Docket No. 43 at 2.) As Defendants point out, Plaintiff's complaint contains no allegations of retaliation and he has not sought leave to amend to add such an allegation. (*Id.* at 3.) The Court agrees that Plaintiff is clearly attempting to add a new claim to this action, and that his manner of doing so is improper at this late juncture. In his opposition to Defendants' motion, Plaintiff provides no explanation as to why he waited nearly a year since the matter was served on May 9, 2018, to raise this new claim. (Docket No. 51.) Accordingly, Defendants' motion to strike Plaintiff's affidavit is GRANTED.

### E. **Motion to Strike Plaintiff's Sur-Reply**

After Defendants filed their reply to Plaintiff's opposition, Plaintiff filed a sur-reply. (Docket No. 46.) Defendants filed a motion to strike this sur-reply. (Docket No. 49.) In the order of service, the Court stated that any dispositive motion filed by

4

Defendants would be deemed submitted as of the date the reply brief is due. (Docket No. 5 at 6.) Nor did Plaintiff obtain court approval prior to filing the additional papers as required under Local Rule 7-3(d). Accordingly, Defendants' motion to strike Plaintiff's sur-reply is GRANTED.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's request for production of his deposition transcript is **DENIED**. (Docket No. 37.) Plaintiff may obtain a copy directly from the court reporter with proper payment. Plaintiff's motion to amend to add a new claim is **DENIED**. (Docket No. 39.) Plaintiff may file it as a new action. Plaintiff's motion amend/correct his opposition is **GRANTED**. (Docket No. 41.)

2. Defendants' motions to strike Plaintiff's affidavit and sur-reply are **GRANTED**. (Docket Nos. 48 and 49.)

This order terminates Docket Nos. 37, 39, 41, 48, and 49.

**IT IS SO ORDERED.**

Dated: May 10, 2019

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\CR.18\01115Silverman_motions

5